Cong Nie, F0497
Banes Horey Berman & Miller, LLC
Suite 200 & 201, Marianas Business Plaza
Saipan, MP 96950
Tel.: (670) 234-5684
Fax: (670) 234-5683
Email: dnie@pacificlawyers.law

FILED
Clerk
District Court

JUN 03 2021

for the Northern Mariana Islands
                    (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JAHID HOSSEN, | ) CASE NO.: 21-00017 |
| Plaintiff, | ) |
| vs. | ) COMPLAINT |
| MD NURUL ISLAM BHUIYAN dba ISLAND PROTECTION SERVICE, | ) |
| Defendant. | ) |

COMES NOW Plaintiff Jahid Hossen ("Hossen"), by and through counsel, and for his Complaint, states and alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over Hossen's claim under the Fair Labor Standards Act (the "FLSA") pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

2. This Court has supplemental jurisdiction over Hossen's claims under the laws of the Commonwealth of the Northern Marianas Islands ("CNMI") pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omission giving rise to Hossen's claims occurred in the CNMI.

### Parties

4. Hossen is a Bangladesh citizen currently residing in Saipan, CNMI.

5. Defendant MD Nurul Islam Bhuiyan ("Bhuiyan") is, upon information and belief, an individual holding both Bangladesh citizen and United States citizenship and residing in Saipan, CNMI who, at all times relevant, managed and operated a business called "Island Protection Service" ("IPS") that provided security guard services on Saipan.

## Factual Background

6. From 2016 to 2020, IPS conducted its business by supplying its employees to work as security guards at various business establishments on Saipan, including without limitation, hotels and stores.

7. At all times relevant, employees of IPS would regularly handle goods or materials that have been moved in or produced for commerce, such as cellphones as they were required to use cell phones to report their on-duty starting time and ending time and any unusual or suspicious occurrence while at work as a security guard.

8. Upon information and belief, at all times relevant, the monthly gross revenues of IPS were approximately $150,000.00.

9. At all times relevant, upon information and belief, IPS was covered by the FLSA because it had at least two employees who regularly handled goods or materials that have been moved in or produced for commerce during their work and had an annual dollar volume of business done of at least $500,000.00 from 2016 to 2020.

10. From April 2016 to September 2020, Hossen was employed by Bhuiyan and IPS on Saipan.

11. During this period, Hossen was assigned by Bhuiyan and IPS to work as a security guard at a hotel named "Chalan Kanoa Beach Hotel" located in the Village of Chalan Kanoa in Saipan, CNMI.

12. The hours Hossen worked each workweek exceeded 40 hours per week and typically ranged on from 53 to 70 hours per week.

13. Hossen was not exempt under the FLSA.

14. Hossen was employed by Bhuiyan and IPS under CW-1 visa and signed written contracts (the "Contracts") with Bhuiyan and IPS (which were submitted by Bhuiyan and IPS to the U.S. immigration authority to process and/or renew Hossen's CW-1 visa).

15. The Contracts provided that Hossen would be paid the Federal minimum wage and overtime pay at the rate of 1.5 times the Federal minimum wage.

16. However, Bhuiyan and IPS did not pay Hossen in accordance with those contracts or the FLSA.

17. Bhuiyan and IPS initially paid Hossen only the rate of $3.75 per hour for both regular hours and overtime and gradually increased this rate to $4.00 per hour in 2017, $4.50 per hour in 2018, and $5.00 per hour in 2019 and 2020—always below the applicable Federal minimum wage and always without the required increase for overtime hours.

18. The pay Hossen received during his period of employment with Bhuiyan and IPS totals approximately $59,674.00.

19. Had Hossen been properly paid the applicable Federal minimum wage and overtime pay, he would have received approximately $110,000.00 in wages.

20. Therefore, Bhuiyan and IPS owed and still owe Hossen unpaid wages in the amount of over $50,000.00.

21. To date, Bhuiyan and IPS still have not fully paid Hossen.

## First Cause of Action

## Violation of the FLSA

22. Hossen re-alleges and incorporates all the above paragraphs as if restated in full here.

23. At all times relevant, upon information and belief, Bhuiyan and IPS were covered by the FLSA under enterprise coverage.

24. At all times relevant, Bhuiyan and IPS qualified as an "employer" of Hossen under the FLSA.

25. Bhuiyan and IPS violated the FLSA by not paying Hossen the minimum wage or the overtime pay required by the FLSA.

26. Bhuiyan and IPS's violation of the FLSA was willful.

27. As a result of such violation of the FLSA, Hossen suffered damages, including without limitation, unpaid wages in the amount of over $50,000.00.

28. Under the FLSA, Hossen is entitled to recover liquidated damages in an amount equal to his actual damages, as well as attorneys' fees and costs.

## Second Cause of Action

## Violation of the CNMI Minimum Wage and Hour Act (the "MWHA")

29. Hossen re-alleges and incorporates all the above paragraphs as if restated in full here.

30. At all times relevant, Bhuiyan and Hossen were covered by the MWHA.

31. At all times relevant, Bhuiyan and IPS qualified as an "employer" of Hossen under the MWHA.

32. Like the FLSA, the MWHA also required employers to pay non-exempt

employees overtime pay at the rate of 1.5 times their regular rate.

33. Bhuiyan and IPS violated the MWHA by not paying Hossen at a rate for his overtime hours that is lower than that required by the MWHA.

34. Bhuiyan and IPS's violation of the MWHA was willful.

35. As a result of such violation of the MWHA, Hossen suffered damages.

### Third Cause of Action

### Breach of Contract

36. The Contracts are valid and enforceable contracts between Hossen and Bhuiyan.

37. All conditions precedent to Hossen receiving wages at the rates provided in this Contracts had been met or otherwise waived.

38. Bhuiyan breached the Contracts by paying Hossen at a rate lower than those provided in the Contracts.

39. As a direct and proximate result of Bhuiyan's breach, Hossen suffered damages, including without limitation, unpaid wages in the amount of over $50,000.00.

### PRAYER FOR RELIEF

WHEREFORE, Hossen prays for relief as follows:

a. Compensatory damages in an amount to be proven at trial;

b. Liquidated damages under the FLSA and the MWHA;

c. Costs of suit (including reasonable attorney's fees, if any); and

d. Such other and equitable relief as this Court deems just and proper.

Date: June 2, 2021.

Banes Horey Berman & Miller, LLC
*Attorneys for Plaintiff*

By: _____/s/_____
Cong Nie, F0497